IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

RODNEY BROADNAX, et al,

      Plaintiffs,

v.                              CIVIL ACTION NO. 1:22-cv-00437

FEDERAL CORRECTIONAL
INSTITUTION MCDOWELL, et al,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is plaintiffs' motion for leave to file a second amended complaint.  ECF No. 33.  For the reasons that follow, that motion is **GRANTED.**

**I.  Background**

This case arises from a carbon monoxide leak that occurred at Federal Correctional Institution McDowell ("FCI McDowell"), a federal prison located in McDowell County, West Virginia.  <u>See</u> ECF No. 4 at ¶¶ 1, 14.  In an amended complaint[1] filed after this incident, several inmates of the prison brought various common law tort claims against FCI McDowell, the Federal Bureau of Prisons, and the director of the Federal Bureau of Prisons.  <u>See</u> <u>id</u>. at ¶¶ 2-4, Counts I-III.  Plaintiffs also sued fifty "John Doe" prison guards in their individual capacities for allegedly

---

[1]  Plaintiffs amended their initial complaint once as matter of course.  <u>See</u> ECF No. 4.

depriving plaintiffs of their constitutional rights.  See id. at
¶ 5, Count IV.

Defendants moved to dismiss the amended complaint for,
among other things, lack of subject matter jurisdiction,
claiming that they are entitled to sovereign immunity from the
claims.  See ECF No. 25.  Following the filing of defendants'
motion to dismiss, plaintiffs filed a motion to amend their
complaint for a second time.  See ECF No. 33.  Plaintiffs
submitted a proposed amended complaint with the motion to amend.
See id. at Ex. 1.  The proposed amended complaint (1) adds
additional plaintiffs, (2) adds additional jurisdictional
allegations, and (3) substitutes the United States of America as
the defendant for FCI McDowell, the Bureau of Prisons, and the
Bureau of Prison's director.  See id.  Defendants do not oppose
this motion to amend.  See ECF No. 35 at 2.

## II.  Analysis

Rule 15(a) of the Federal Rules of Civil Procedure permits
a party to amend its pleading "once as a matter of course at any
time before a responsive pleading is served . . . [o]therwise a
party may amend the party's pleading only by leave of court or
by written consent of the adverse party; and leave shall be
freely given when justice so requires."  In Foman v. Davis, 371
U.S. 178, 182 (1962), the United States Supreme Court noted that
amendment under Rule 15(a) should be freely given absent "undue

2

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure]. If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing Lone Star Transp. Corp. v. Lafarge Corp., Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)).

In this case, the scheduling order required the parties to amend their pleadings no later than April 14, 2023. See ECF No. 24. Plaintiffs filed this motion to amend the complaint on March 23, 2023, which is within the scheduling order's deadline. See ECF No. 33. So, plaintiffs need not satisfy Rule 16(b)'s good cause standard, and the court must only consider Rule 15(a) when deciding this motion.

Under Rule 15(a), the court shall grant leave to file an amended complaint whenever justice so requires. In this case, plaintiffs seek to amend their complaint, in part, to add additional jurisdictional allegations. Plaintiffs bear the burden of establishing this court's subject matter jurisdiction,

3

which defendants have contested.  See Richmond, Fredricksburg &
Potomic R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.
1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th
Cir.1982)).  The court, therefore, finds it in the interest of
justice to permit plaintiffs to pursue their burden of proof
through the proposed amended complaint's additional
jurisdictional allegations.

The proposed amended complaint also names additional
plaintiffs.  Those plaintiffs currently have claims related to
the same incident pending before the United States District
Court for the District of Maryland.  See ECF No. 33.  Defendants
moved that court to transfer those cases here for consolidation,
and plaintiffs have not opposed that motion.  See id.  So, this
court finds it in the interest of justice to grant plaintiffs'
motion to amend their complaint to name the additional
plaintiffs in this suit:  adding the additional plaintiffs is
consistent with defendants' motion to transfer the Maryland
action here and defendants do not oppose plaintiffs' motion to
amend.

Finally, the proposed amended complaint substitutes all
defendants, except the individually named John Doe defendants,
with the United States as the proper defendant.  This is
consistent with a motion made by the United States to substitute
itself for those defendants.  See ECF No. 28.  The court,

4

therefore, finds it in the interest of justice to grant plaintiffs' motion to amend its complaint to substitute those defendants.

The court also finds that plaintiffs' motion to amend presents no undue delay, bad faith, or dilatory motive and that the amended complaint will not unduly prejudice the defendants or be futile.

## III.  Conclusion

For these reasons, plaintiffs' motion for leave to file a second amended complaint is **GRANTED** and the Clerk is directed to file the Second Amended Complaint attached as Exhibit 1 to ECF No. 33.  Furthermore, because of the court's ruling on the motion to amend, defendants' motion to dismiss plaintiffs' first amended complaint (ECF No. 25) is **DENIED** without prejudice as moot.[2]  Defendants may renew their motion to dismiss by refiling the same motion or file a new motion consistent with the second amended complaint, if appropriate.  Defendants' motion to

---

[2]  "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."  Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001).  "It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot."  Catlin Specialty Ins. Co. v. Jafrum International, Inc., Civil Action No. 3:14-CV-607-RJC-DCK, 2015 WL 10434683, at *3 (W.D.N.C. Sept. 14, 2015); see, e.g., Penkoski v. Justice, No. 1:18CV10, 2018 WL 4088069, at *1 (N.D.W. Va. August 27, 2018) ("[I]n light of the plaintiffs' timely amendment, the defendants' previously filed motion to dismiss has been rendered moot.").

substitute the United States as the proper party (ECF No. 28) is **DENIED** as moot.  The motion to exceed page limit (ECF No. 27) is **GRANTED.**

   **IT IS SO ORDERED** this 7th day of September, 2023.

                              ENTER:


                              David A. Faber
                              Senior United States District Judge