IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

RODNEY BROADNAX, et al.,

    Plaintiffs,

v.                                              CIVIL ACTION NO. 1:22-00437

UNITED STATES OF AMERICA, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

    Pending before the court is plaintiffs' Motion for Entry of Final Judgment Under Rule 54(e). (ECF No. 88.) Plaintiffs ask the court to enter final judgment as to their dismissed claims against defendant United States of America arising under the Federal Tort Claims Act ("FTCA"). The United States does not object to plaintiffs' motion and the parties submitted a Proposed Agreed Order to that end.

    "[P]iecemeal review of ongoing district court proceedings" is generally disfavored. Baird v. Palmer, 114 F.3d 39, 43 (4th Cir. 1997). The Fourth Circuit has articulated that a Rule 54(b) certification is "the exception rather than the norm." Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). In this Circuit, "certification of a judgment as to a claim or party in a multi-claim or multiparty suit is

disfavored" without good cause.  Bell Microproducts, Inc. v. Global-Insync, Inc., 20 F. Supp. 2d 938, 942 (E.D. Va. 1998).

In Curtiss-Wright Corporation v. General Electric Company, 446 U.S. 1 (1980), the United States Supreme Court laid out a two-part test for determining whether certification under Rule 54(b) is appropriate.  "A district court must first determine that it is dealing with a 'final judgment.'"  Id. at 7.  A judgment "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).  Second, "the district court must go on to determine whether there is any just reason for delay."  Id. at 8.

As to the second part of the test, the Fourth Circuit in Braswell identified the relevant factors which determine whether there is any "just reason for delay."  2 F.3d at 1335—36.  These factors are:  "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and

2

solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." Id. (citing Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3d Cir. 1975), and Curtis-Wright, 446 U.S. at 8). Additionally, the district court's certification decision must be in the "interest of sound judicial administration." Curtiss-Wright Corp., 446 U.S. at 10.

The United States Court of Appeals for the Fourth Circuit takes a hard look at a district court's Rule 54(b) determination. See Kinsale Ins. Co. v. JDBC Holdings, Inc., 31 F.4th 870 (4th Cir. 2022). For this reason, a district court must make findings showing that it has considered the Braswell factors and that those factors favor Rule 54(b) certification. See id. at 874; see also Doe v. City of Gauley Bridge, No. 22-2025, 2023 WL 5625250, at *1 (4th Cir. Aug. 31, 2023). Just yesterday, the Fourth Circuit dismissed an appeal where the court had granted a party's motion for a Rule 54(b) judgment, finding insufficient the district court's justification for doing so. See McPherson v. Patton, No. 23-1938, 2024 WL 4490631, at *2 (4th Cir. Oct. 15, 2024) (noting that the court "routinely dismiss[es] appeals when the district court's order purporting to enter final judgment under Rule 54(b) does not adhere to its 'express determination' requirement"); see also Young v. SWN Prod. Co., LLC, No. 22-2050, 2024 WL 1990936, at

3

*3-4 (4th Cir. May 6, 2024) (dismissing appeal where the district court did not consider the Braswell factors).

On the record before it, the court cannot conclude that entry of final judgment pursuant to Rule 54(b) is appropriate. Plaintiffs' motion does not discuss the Braswell factors in any meaningful way nor does it explain how they weigh in favor of granting plaintiffs' motion. Accordingly, plaintiffs' motion is **DENIED** without prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED this 16th day of October, 2024.

ENTER:

David A. Faber
Senior United States District Judge

4