```
         IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

RODNEY BROADNAX, et al,

    Plaintiffs,

v.                              CIVIL ACTION NO. 1:22-cv-00437

UNITED STATES OF AMERICA, et al,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' amended motion for entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. (ECF No. 92). For the reasons explained below, the motion is **DENIED**.

### I. Background

Plaintiffs were at all relevant times inmates of Federal Correctional Institution McDowell in McDowell County, West Virginia. (See Second Am. Compl. at ¶ 1, ECF No. 45). The prison experienced a carbon-monoxide leak from a broken water heater in August 2021. (See id. at ¶ 16). Plaintiffs challenged the prison's response to the emergency and brought claims against the United States government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., and fifty individual "John Doe" prison guards under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The court

dismissed the FTCA claims under the discretionary-function exception to the government's waiver of sovereign immunity. (See Mem. Op. and Order, ECF No. 86).  The court did not address the Bivens claims at that time because the individual defendants were unnamed and, therefore, had not filed a motion to dismiss. (See id. at 2-3).

Despite the Bivens claims still pending before this court, plaintiffs ask the court to certify as a final order under Rule 54(b) its Memorandum Opinion and Order granting the United States's motion to dismiss the FTCA claims.  The United States does not oppose the motion.

## II.  Legal Standard

An order must be final to be appealed to the United States Court of Appeals for the Fourth Circuit.  See 28 U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Catlin v. United States, 324 U.S. 229, 233 (1945). Generally, decisions that do not dispose of all claims against all parties are not final.  See Kinsale Ins. Co. v. JDBC Holdings, Inc., 31 F.4th 870, 873 (4th Cir. 2022).

However, under Rule 54(b) of the Federal Rules of Civil Procedure, district courts may "direct entry of final judgment relating to what would otherwise be an interlocutory order because it does not resolve all claims against all parties."

2

McPherson v. Patton, No. 23-1938, 2024 WL 4490631, at *2 (4th Cir. Oct. 15, 2024) (per curiam).  Rule 54(b) permits the court to direct entry of a final judgment only if a decision is final and the court "expressly determines that there is no just reason for delay."

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  This results in a two-step analysis.  Courts must "first determine whether the judgment is final, and second, determine whether there is no just reason for the delay in the entry of judgment."  McPherson, No. 23-1938, 2024 WL 4490631, at *2 (quoting Kinsale Ins. Co., 31 F.4th at 873).

### III. Discussion

#### A. Finality

A judgment is final if "it is an ultimate disposition of an individual claim entered in the court of a multiple claims action."  Green v. Putnam Cty. Comm'n, Nos. 22-7417 and 23-6720, 2024 WL 3200713, at *1 (4th Cir. June 27, 2024) (per curiam)

3

(quoting Kinsale Ins. Co., 31 F.4th at 873). This prong of the analysis is satisfied. The court granted summary judgment to the United States on the FTCA claims against it, which is the ultimate disposition of individual claims in the multiple claim action. The FTCA claims are distinct from the remaining Bivens claims insofar as the Bivens claims are against individual defendants and require proof of different elements. See Young v. SWN Production Co., No. 22-2050, 2024 WL 1990936, at *3 (4th Cir. May 6, 2024) (per curiam) (finding that a judgment was not final when it disposed of one of two alternative theories of recovery).

### B. Just Reason for Delay

The longstanding federal policy against piecemeal appeals presents a just reason for delaying an appeal of the Memorandum Opinion and Order dismissing plaintiffs' FTCA claims.

This prong of the analysis requires the court to "exercise its discretion 'in the interest of sound judicial administration,' and consider the equities involved." Kinsale Ins. Co., 31 F.4th at 876 (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)). "'Respect for the historic federal policy against piecemeal appeals,' however, 'requires that the court's power under Rule 54(b) be exercised sparingly.'" Scott v. City of White Plains, No. 10 Civ. 1887(KBF), 2012 WL 1267873, at *10 (S.D.N.Y. Apr. 10, 2012)

(cleaned up) (citing Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991)).  For that reason, certification under Rule 54(b) is an exceptional measure:

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.

Harris v. Norfolk S. Ry. Co., No. 2:11-cv-00497, 2013 WL 12180795, at *1 (S.D.W. Va. Mar. 27, 2013) (quoting Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993)).

The question of whether there is just reason for delay requires extra scrutiny because Rule 54 is "tilted from the start against [the] fragmentation of appeals."  Kinsale Ins. Co., 31 F.4th at 874 (quoting Braswell Shipyards, Inc., 2 F.3d at 1335).  As "Rule 54(b) certification is . . . the exception rather than the norm, it should not be granted routinely."  Id. at 876 (cleaned up) (quoting Braswell Shipyards, Inc., 2 F.3d at 1335).  Therefore, the court begins with a "presumption against certification."  E.I. Du Pont de Nemours & Co. v. Kolon Indus., Inc., No. 3:09cv58, 2010 WL 427879, at *2 (E.D. Va. Feb. 3, 2010).

5

Despite the presumption against certification, the court must undertake a "case-specific inquiry" that turns on five factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Kinsale Ins. Co., 31 F.4th at 874 (quoting Braswell Shipyards, Inc., 2 F.3d at 1335-36). When analyzing these factors, the court must be cognizant of the policy against "piecemeal appeals when multiple claims are resolved in the course of a single lawsuit[.]" Id. (quoting Braswell Shipyards, Inc., 2 F.3d at 1335).

The court can briefly address two of the factors. The need for review will not be mooted by developments in the district court and there is no claim or counterclaim that could result in a setoff. The remaining three factors counsel against certification.

1.  **Relationship Between Claims**

The adjudicated and unadjudicated claims are closely related and should be addressed in the same appeal. The claims arise out of the same facts: the prison's response to the carbon-monoxide leak. District courts should deny certification under Rule 54 if the appellate court "would review many, if not most, of the same facts now that it would be forced to consider again following appeal of a decision on the unadjudicated claims." Attorney Gen. of Md. v. Dickson, No. 89-2828, 1990 WL 135727, at *1 (4th Cir. Sept. 20, 1990) (per curiam) (citing Curtiss-Wright Corp., 446 U.S. at 1). In their FTCA claims, plaintiffs seek to hold the government liable for the alleged acts and omissions of prison staff acting as agents of the government. In their Bivens claims, plaintiffs seek to hold prison staff individually liable for the same alleged acts and omissions. The appellate court would review the same facts twice if both claims were appealed separately.

Also, "[i]t will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain contestants below." Kinsale Ins. Co., 31 F.4th at 874 (quoting Braswell Shipyards, Inc., 2 F.3d at 1336). Although the FTCA claims are against the United States and the Bivens claims are against individual employees of the United States, defendants'

7

interests are aligned such that the claims against them should be addressed together.

If plaintiffs name and serve the John Doe defendants, they will likely be defended by the United States through the United States Attorney's Office for the Southern District of West Virginia, which also represents the United States as to the FTCA claims. See, e.g., Moore v. Rife, No. 1:20-00575, 2023 WL 2674860, at *1 (S.D.W. Va. Mar. 29, 2023) (United States Attorney's Office defending United States against FTCA claims and individuals against Bivens claims); Johnson v. United States, No. 1:23-00053, 2023 WL 9597944, at *1 (S.D.W. Va. Nov. 9, 2023) (same). The government may also indemnify the individual defendants: "If the Bivens defendant is found liable, he becomes personally responsible for satisfying the judgment, although in some instances the government may indemnify him." Zimmerman v. Andrews, No. 5:18-CT-3167-D, 2019 WL 4855554, at *2 (E.D.N.C. Sept. 30, 2019) (quoting Simpkins v. D.C. Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997)). Because of the connection between the defendants, "the interests of judicial economy weigh against certification." Cook, Heyward, Lee, Hopper, & Feehan, P.C. v. Trump Va. Acquisitions, LLC, No. 3:12CV131—HEH, 2012 WL 13027000, at *3 (E.D. Va. Aug. 24, 2012).

The relationship between the FTCA and Bivens claims presents a just reason for denying an interlocutory appeal.

## 2. Duplicative Issues

The question under this factor is "whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Berckeley Inv. Grp., Ltd. v. Colkitt, 259 F.3d 135, 145 (3d Cir. 2001) (quoting Carter v. City of Philadelphia, 181 F.3d 339, 346 (3d Cir. 1999)). As discussed above, the claims and defendants are closely related. While the legal theories are different, the ultimate theory of liability is the same. Plaintiffs claim that defendants improperly responded to the carbon-monoxide leak. Therefore, the appellate court would face overlapping issues if separate appeals were permitted.

## 3. Miscellaneous Factors

Miscellaneous factors include the economic and other effects of delaying an appeal.

Judicial economy is best served by denying certification in this case. When claims stem from the same factual allegations, it is generally more efficient for the appellate court to address all claims together:

> [J]udicial economy will best be served by delaying appeal until all the issues can be confronted by [the appellate court] in a unified package. This is particularly true where the adjudicated and pending claims are closely related and stem from essentially the same factual allegations.

9

Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 62 (6th Cir. 1986). "It is uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties." Abecassis v. Wyatt, No. H-09-3884, 2010 WL 2671576, at *3 (S.D. Tex. June 30, 2010) (quoting 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2659 (3d ed. 1998)).

The remaining Bivens claims do not appear to be complex and should proceed expeditiously once the John Doe defendants are added. Accordingly, it is more efficient to resolve all claims before allowing plaintiffs to appeal, and "postponing appeal until after a final judgment has been entered . . . [would not] cause unusual hardship or work an injustice." Shaheed v. City of New York, No. 14-CV-7424, 2018 WL 3455406, at *2 (S.D.N.Y. July 18, 2018). This case does not present exceptional circumstance warranting certification under Rule 54(b).

## IV.  Conclusion

For the above reasons, plaintiffs' amended motion for entry of final judgment under Rule 54(b) (ECF No. 92) is **DENIED**.  The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

IT IS SO ORDERED this 19th day of December, 2024.

ENTER:

David A. Faber
Senior United States District Judge