```
      IN THE UNITED STATES DISTRICT COURT FOR THE
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

RODNEY BROADNAX, et al,

    Plaintiffs,

v.                          CIVIL ACTION NO. 1:22-cv-00437

UNITED STATES OF AMERICA, et al,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is David T. Frazier's motion for joinder under Rules 19 and 20 of the Federal Rules of Civil Procedure. (ECF No. 91). This case involves a carbon-monoxide leak that occurred at FCI McDowell. Frazier seeks joinder "due to contracting H. Pylori." (See id. at 2).

Rule 19 of the Federal Rules of Civil Procedure governs when a party must be joined, while Rule 20 of the Federal Rules of Civil Procedure governs when a party may be joined. Under Rule 19(a)(1), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19.  On the other hand, Rule 20 allows courts to join a plaintiff to an action if:

> (A)  they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)  any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A)-(B).

Under either rule, the party seeking joinder must have a claim related to the subject matter at issue in the case they seek to join.  This case is about a carbon-monoxide leak.  Frazier does not allege that his alleged contraction of H. Pylori is related to this incident.  Therefore, his motion to join this suit (ECF No. 91) is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and any unrepresented parties.

IT IS SO ORDERED this 28th day of March, 2025.

*David A. Faber* (signature)
David A. Faber
Senior United States District Judge

2