```
        IN THE UNITED STATES DISTRICT COURT FOR THE
             SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

RODNEY BROADNAX, et al,

　　　　Plaintiffs,

v.　　　　　　　　　　　　　　CIVIL ACTION NO. 1:22-cv-00437

UNITED STATES OF AMERICA, et al,

　　　　Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Antonio Rios's motion to intervene, brought under Rule 24 of the Federal Rules of Civil Procedure. ECF No. 85. For the reasons explained below, the motion is **GRANTED**.

At all relevant times, Rios was an inmate of Federal Correctional Institution McDowell. He seeks to intervene in a lawsuit brought on October 6, 2022, by other inmates of the prison related to a carbon-monoxide leak that allegedly occurred from August 8 through 11, 2021. See Second Am. Compl., ECF No. 45. That suit involves claims against the United States government under the Federal Tort Claims Act ("FTCA") and fifty John Doe defendants under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

There was a related case filed in the District of Maryland on January 5, 2023. See ECF No. 94-1 at 60. On March 23, 2023,

plaintiffs before this court filed a motion to amend their complaint to effectuate "the transfer of the MD Action to this Court." ECF No. 33 at 2. Before this court ruled on the motion, Rios moved on April 14, 2023, to intervene in the District of Maryland. See ECF No. 94-2 at 23. That court granted his motion on August 10, 2023, and ordered that he "shall be docketed as a party plaintiff." Id. at 59. Approximately one month later, on September 7, 2023, this court ordered plaintiffs' second-amended complaint to be filed. See ECF Nos. 33-1, 45. The case in the District of Maryland was voluntarily dismissed a week later on September 14. See ECF No. 94-2 at 60.

However, because plaintiffs' second-amended complaint was attached to their motion to amend from before Rios intervened in the District of Maryland, the second-amended complaint did not name Rios as a plaintiff, and he was not made a party to this action. The District of Maryland closed its case on February 26, 2024, (see ECF No 94-2 at 61), and Rios moved to intervene in this court on July 29, 2024. See ECF No. 85.

Prior to ruling on Rio's motion to intervene, this court dismissed the named plaintiffs' FTCA claims for lack of subject matter jurisdiction by order entered September 5, 2024. See ECF No. 86.

The government opposes Rios's motion to intervene for two reasons. First, the government argues that because the court dismissed the other plaintiffs' FTCA claims for lack of subject matter jurisdiction, the court lacks jurisdiction to decide this motion. Second, the government argues that Rios does not meet the requirements for intervention under Rule 24.

The court begins with the government's subject matter jurisdiction argument. Although the court dismissed the other plaintiffs' FTCA claims for lack of subject matter jurisdiction, the court retains jurisdiction over the Bivens claims and this suit remains pending before this court. This is not the case in which the entire action has been dismissed, leaving no action into which a litigant may intervene. See, e.g., Thomas v. Beals, No. 3:22-427, 2022 WL 3038458, at *20 (E.D. Va. Aug. 1, 2022). Therefore, the court has jurisdiction to decide Rio's motion.

The court turns to the government's alternative argument that Rios does not satisfy Rule 24's requirements for intervention. "Rule 24(a) permits intervention as a matter of right, while Rule 24(b) provides for permissive intervention." Sierra Club v. United States Envtl. Prot. Agency, No. 3:24-0130, 2024 WL 2330036, at *2 (S.D.W. Va. May 22, 2024). Under subsection (a), a court must permit intervention when the movant files a timely motion and "claims an interest relating to the .

3

. . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  Under subsection (b), a court may permit intervention when, among other reasons, the movant "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B). Additionally, subsection (c) requires, among other things, that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

The government argues that Rios does not comply with Rule 24 for three reasons:  (1) he did not file a pleading with his motion as required by Rule 24(c); (2) his motion is untimely; and (3) he is not entitled to intervention as of right under Rule 24(a) or permissive intervention under Rule 24(b).  See ECF No. 94 at 3-5.  The court disagrees.

First, although Rios did not file a complaint or other pleading with his motion to intervene, he included within the motion a recitation of the complaint filed by counsel for other plaintiffs.  See ECF No. 85 at 5-26.  The court construes filings of pro se litigants broadly. Clervrain v. Erich, No. 2:22-cv-00163, 2022 WL 22771893, at *1 (S.D.W. Va. Dec. 22,

4

2022) (citing Jehovah v. Clarke, 792 F.3d 457, 464 (4th Cir. 2015)). Therefore, Rios's inclusion of his allegations in his motion to intervene satisfies Rule 24(c).

Second, the government argues that Rios's motion is untimely because he filed it nearly a year after the action in the District of Maryland was voluntarily dismissed. However, the court excuses the delay. Rios was granted intervention in the District of Maryland on August 10, 2023, before the other plaintiffs were joined to this action by second-amended complaint on September 7, 2023. But for the unusual procedural timing of this case, Rios would have been named a plaintiff in that complaint.

Finally, permissive intervention under Rule 24(b) is appropriate because Rios was allowed to intervene in the District of Maryland, and he "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

For the above reasons, Rios's motion to intervene (ECF No. 85) is **GRANTED**. His FTCA claims are **DISMISSED** for the reasons discussed in ECF NO. 86 but his Bivens claims remain pending.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and unrepresented parties.

IT IS SO ORDERED this 31st day of March, 2025.

David A. Faber
Senior United States District Judge

5