IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

RODNEY BROADNAX, et al,

      Plaintiffs,

v.                       CIVIL ACTION NO. 1:22-cv-00437

UNITED STATES OF AMERICA, et al,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Tyrone Eugene Copening's pro se motion to intervene, brought under Rule 24 of the Federal Rules of Civil Procedure. ECF No. 70. For the reasons explained below, the motion is **DENIED.**

At all relevant times, Copening was an inmate of Federal Correctional Institution McDowell. He seeks to intervene in a lawsuit brought on October 6, 2022, by other inmates of the prison related to a carbon-monoxide leak that allegedly occurred from August 8 through 11, 2021. See Second Am. Compl., ECF No. 45. That suit involves claims against the United States government under the Federal Tort Claims Act ("FTCA") and fifty John Doe defendants under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Prior to the other inmates filing the lawsuit, on August 29, 2022, Copening filed with the Federal Bureau of Prisons an

administrative tort claim related to the carbon-monoxide leak.
See ECF No. 71-1.  The Bureau of Prisons denied the
administrative claim by letter dated October 18, 2022.  See id.
The denial letter advised Copening of his right to file suit
within six months, pursuant to 28 U.S.C. § 2401(b).  See id.
Copening filed this motion to intervene more than eighteen
months later on April 29, 2024.  See ECF No. 70.

The government opposes Copening's motion to intervene for
three reasons:  (1) his claims are barred by the statutes of
limitations, (2) he failed to exhaust his administrative
remedies for his Bivens claims, and (3) he does not satisfy the
requirements for intervention of right or permissive
intervention under Rule 24.  See ECF No. 71.

## A.    Statutes of Limitations

### 1.    FTCA Claims

Tort claims brought against the United States under the
FTCA are barred unless brought within six months after notice of
a final denial of an administrative claim:

> A tort claim against the United States
> shall be forever barred unless it is
> presented in writing to the appropriate
> Federal agency within two years after such
> claim accrues or unless action is begun
> within six months after the date of mailing,
> by certified or registered mail, of notice
> of final denial of the claim by the agency
> to which it was presented.

28 U.S.C. § 2401(b). "[T]he requirement to file a complaint within six months of the mailing of the notice of final denial is jurisdictional." Gibbs v. United States, 34 F. Supp. 2d 405, 406 (S.D.W. Va. 1999) (Haden, C.J.) (citing Berti v. Veterans Admin, Hosp., 860 F.2d 338, 340 (9th Cir. 1988)).

The BOP denied Copening's administrative tort claim on October 18, 2022, and the denial was delivered to him on October 25, 2022. See ECF No. 71-1. Therefore, more than six months passed before he filed this motion to intervene on April 29, 2024, and his FTCA claims are time barred.

### 2.  **Bivens** Claims

There is not a federally prescribed statute of limitations for Bivens claims. Courts apply the statute of limitations for analogous state tort claims. See Wilson v. Garcia, 471 U.S. 261, 275 (1985). In this case, the statute of limitation is two years from when the cause of action accrued. See W. Va. Code § 55-2-12(b). Accrual of a claim is governed by federal law, which provides that a claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)).

In this case, Copening had sufficient notice of his cause of action at the time of the gas leak, which he alleges ended on August 11, 2021.  This is more than two years before he filed this motion to intervene.  Therefore, his <u>Bivens</u> claims are also barred by the statute of limitations.

**B.    Administrative Exhaustion**

A prisoner must exhaust his or her administrative remedies before bringing claims related to prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  District courts "may not excuse a failure to exhaust . . . ."  <u>Ross v. Blake</u>, 578 U.S. 632, 639 (2016) (citing <u>Miller v. French</u>, 530 U.S. 327, 337 (2000)).

Copening did not exhaust his administrative remedies for his <u>Bivens</u> claims.  Records show that he filed only one remedy while incarcerated with the BOP – a 2016 request for transfer to another facility.  <u>See</u> ECF No. 71-1.  This provides a basis to dismiss his <u>Bivens</u> claims, in the alternative to dismissal under the statute of limitations.

### C.   Intervention Under Rule 24

Rule 24 allows for intervention as of right or permissive intervention.  See Women's Health Ctr. of W. Va. v. Sheth, No. 2:23-cv-00079, 2023 WL 2146255, at *1 (S.D.W. Va. Feb. 21, 2023) (citing Fed. R. Civ. P. 24).  Rule 24(a) establishes intervention of right, providing that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Id.  Rule 24(b) established permissive intervention, providing that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Id.

Under both subsections of the Rule, "timeliness is a 'cardinal consideration' of whether to permit intervention." Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999) (quoting Brink v. DaLesio, 667 F.2d 420, 428 (4th Cir. 1981)).  "The determination of timeliness is committed to the discretion of the district court . . . ."  Id. (citing NAACP v. New York, 413 U.S. 345, 365–66 (1973)).  Considerations of timeliness include, "how far the suit has progressed, the

prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989) (citing Commonwealth of Pa. v. Rizzo, 530 F.2d 501, 506 (3rd Cir. 1976)).

Copening's motion to intervene is untimely because he filed it a year and a half after this suit was initiated and after the government had filed a motion to dismiss the other plaintiffs' claims. Allowing Copening to intervene at this stage would prejudice the government because it would have to relitigate issues. "The delay caused by substantial additional litigation can demonstrate prejudice to existing parties." Holman v. Greyhound Lines, Inc., No. 21-0112-BAH, 2022 WL 4368148, at *4 (D. Md. Sept. 20, 2022) (quoting Scott v. Bond, 734 F. App'x 188, 192 (4th Cir. 2018)). Copening also provides no reason for the delay. "[A] movant seeking intervention must provide a plausible justification for a tardy motion to intervene." Id. Therefore, the court finds his motion untimely.

For the above reasons, Copening's motion to intervene (ECF No. 70) is **DENIED**. The Clerk is directed to send a copy of this

Memorandum Opinion to counsel of record and any unrepresented parties.

    IT IS SO ORDERED this 31st day of March, 2025.


       ENTER:

       David A. Faber
       Senior United States District Judge